PEOPLE, PLAINTIFF AND APPELLEE, *v.* MÁRQUEZ BROTHERS, DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Arecibo in a Prosecution for Violation of the Weights and Measures Act.

No. 1713.—Decided July 8, 1921.

WEIGHTS AND MEASURES—DEFECTIVE SCALES.—A firm which weighed the sugar cane which it purchased from various planters on defective scales belonging to and under the exclusive control of the sugar factory which was to grind the cane is guilty of a violation of section 14 of the Weights and Measures Act, although the difference in weight did not benefit the defendant firm.

The facts are stated in the opinion.

*Mr. A. Lens Cuena* for the appellants.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellants, Márquez Brothers, were convicted of a violation of section 14 of the Weights and Measures Act on the charge that they unlawfully, wilfully and maliciously weighed the sugar cane of the planters on a scale which showed a false or short weight.

It appears from the evidence that the said scale registered incomplete weight and this the appellants do not dis-

cuss, but they allege as the only ground for the appeal that the trial court erred in finding the appellants guilty because the evidence examined at the trial did not support the charge made in the complaint.

The evidence shows that the appellants weighed their cane and that which they purchased from some planters on the scale of the Central Coloso, which was in charge of an employee of the latter, and delivered the cane to the Central for grinding as of that weight, and therefore the damage resulting from the defect in the scale was for the benefit of the Central. For this reason the appellants allege that they are not responsible for the defect in the scale, but section 14 of the Act which they were convicted of having violated provides that no person shall use, cause or permit to be used in any industrial or commercial transaction, any scale, beam, steelyard, or other instrument, apparatus or appliance for ascertaining weight or measure which registers, shows or indicates a false weight or measure. And the fact is that Márquez Brothers used this scale which registered a false weight for determining the amount of cane bought by them and that the planters were damaged with regard to the amount of money which they should have received from Márquez Brothers. It is true that the appellants had not the control of the scale, as they allege in their brief, but the law does not require this. It only penalizes the use of a scale registering a false weight and as they used it in their transactions with the planters they should have ascertained, in order not to incur liability, that it registered the exact weight. It has not been shown that they knew that the scale registered short weight, but the law does not require proof of criminal intent in a prosecution for this offense, as we held in *People v. Escriba,* 26 P. R. R. 207, where this question was discussed at length.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Hutchison concurred.